UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHANIE GORDON, | Case No. 2:18-cv-00838-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY, *et al*., | |
| Defendants. | |

Presently before the Court is plaintiff Stephanie Gordon's application to proceed *in forma pauperis* (ECF No. 1), filed on May 9, 2018.

**I.    *In Forma Pauperis* Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Gordon has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. The Court will next screen Plaintiff's complaint. ECF No. 1-1.

**II.    Screening the Complaint**

**A.  Standard of Review**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Even following the U.S. Supreme Court's holdings in *Twombly* and *Iqbal*, the Court has an "obligation . . . where the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (internal quotations and citation omitted). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see also Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) (noting that a liberal construction may not be used to supply an essential element of the claim absent from the complaint).

**B. Analysis**

Here, Plaintiff Stephanie Gordon sues the State of Nevada Department of Business and Industry and three employees, including the agency's director and a compliance audit

---

§ 1915(e)(2)(B) are not limited to prisoners[.]").

1  investigator. ECF No. 1-1 at 2. It appears that Plaintiff is alleging that the Department of Business
2  and Industry "help[ed] facilitate the theft of [her] property" by not properly investigating her
3  complaint regarding a storage company's allegedly deceptive advertising practices. *Id*. at 4.
4  Plaintiff cites to the "Federal Trade Commission Act – 15 U.S.C. [§] 57a(a)(1)(B)[,][2] unfair or
5  deceptive act or practice[, and t]he State Action Doctrine" and states that the "[t]he law applies to
6  private parties when they conspire with public officials to violate constitutional rights." *Id*. at 3. It
7  does not appear to the Court, however, that Plaintiff has identified a claim on which relief can be
8  granted. This is so for several reasons.

9  First, with respect to the Federal Trade Commission (FTC), it does not appear that
10 Plaintiff filed a complaint with the FTC or identified how the alleged failure to investigate by the
11 Department of Business and Industry constitutes a violation of the FTC Act. Further, even if
12 Plaintiff intended to allege that the Department of Business and Industry's failure to investigate
13 violates the FTC Act, Plaintiff is barred from bringing suit.[3] This is because, as a general rule,
14 there is no private right of action for a violation of the FTC Act. *Carlson v. Coca–Cola Co.*, 483
15 F.2d 279, 280 (9th Cir. 1973) (citation omitted) ("The protection against unfair trade practices
16 afforded by the Act vests initial remedial power solely in the Federal Trade Commission.");
17 *O'Donnell v. Bank of Am., Nat. Ass'n*, 504 F. App'x 566, 568 (9th Cir. 2013) (the "court rightly
18 dismissed the unfair competition claim premised on [defendant's] alleged violation of the Federal
19 Trade Commission Act. The federal statute doesn't create a private right of action.").

20 Second, Plaintiff claims, under the state-action doctrine, that Defendants failed to properly
21 investigate her claim against a storage company. ECF No. 1-1 at 3. The state-action doctrine
22 provides that "a private entity may be considered a state actor when it exercises a function
23 'traditionally exclusively reserved to the State.'" *Manhattan Cmty. Access Corp. v. Halleck*, 139

---

[2] 15 U.S.C. § 57a(a)(1)(B) indicates that the Federal Trade Commission can govern "rules which define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce . . . ."

[3] Although Plaintiff cites to 15 U.S.C. § 57a(a)(1)(B), the Court understands that Plaintiff is alleging that Defendants violated 15 U.S.C. § 45. This is because Section 45 provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."

S. Ct. 1921, 1926 (2019) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974)). But Plaintiff is not suing a private entity. Rather, she is suing a state agency—Nevada's Department of Business and Industry—and three agency employees, including the agency director. ECF No. 1-1 at 2. As such, it is not clear how this doctrine applies to Plaintiff's allegations. Furthermore, the state-action doctrine is not a cause of action. So even if it was applicable to Plaintiff's case, it is unclear under what cause of action she seeks to sue Defendants.

In short, Plaintiff has not stated a claim on which relief may be granted. Accordingly, the Court will order that the Complaint be dismissed, but with leave to amend. Plaintiff may file an amended complaint if she believes that she can cure the defects identified in this Order.

The Court advises Plaintiff that if she files an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. This is because the Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Put another way, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

Finally, if Plaintiff chooses to file an amended complaint to identify a claim on which relief may be granted, the Court will screen it in a separate Screening Order as required by 28 U.S.C. § 1915(e)(2).

1. IT IS THEREFORE ORDERED that Plaintiff Stephanie Gordon's request to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Gordon will not be required to pay the filing fee of $400.00.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or giving security for them. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

3. IT IS FURTHER ORDERED that the Clerk of Court shall file Plaintiff's Complaint (ECF No. 1-1).

4. IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice and with leave to amend.

5. IT IS FURTHER ORDERED that if Plaintiff believes that she can amend her Complaint to properly state a claim on which relief may be granted, she must file an amended complaint by November 23, 2020. If she chooses to file an amended complaint, she must write the words "First Amended Complaint" in the caption. The amended complaint will be screened in a separate Screening Order. Additionally, the amended complaint must be a complete document in and of itself and will supersede the original complaint (ECF No. 1-1) in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. Plaintiff is further advised that if she does not file an amended complaint by November 23, 2020, the Court will recommend that this case be dismissed.

6. IT IS FURTHER ORDERED that the Clerk of Court send Plaintiff one copy of the original complaint (ECF No. 1-1) and one copy of this Screening Order.

DATED: October 9, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE